IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RICK EJEM, a/n/f for** § | |
| **JUSTIN EJEM,** § | |
| **Plaintiffs** § | |
| § | **CIVIL ACTION NO. _____** |
| **v.** § | |
| § | |
| **WACO CENTER FOR YOUTH** § | |
| **Defendants** § | |

## ORIGINAL COMPLAINT

**NOW COMES** Rick Ejem, next friend and natural father of Justin Ejem-, collectively named Plaintiffs herein, by and through their attorneys of record, Martin J. Cirkiel of the law firm of Cirkiel & Associates, P.C., and Michael Zimmerman, Esq. of the Zimmerman Law Firm, and bring this their *Original Complaint* alleging that the Waco Center for Youth (hereinafter referred to as "WCFY"), and Axtell Independent School District (hereinafter referred to as "school district") violated the various rights of Plaintiffs, as more specifically pled herein. Plaintiffs reserve the right to replead this *Original Complaint*, if new claims and issues arise upon further development of the facts. In support thereof, Plaintiffs would respectfully show the following:

### I. INTRODUCTION AND BRIEF REVIEW OF THE CASE

1. This is a case about a child with a disability (Justin Ejem) who has *Attention-Deficit Hyperactivity Disorder* ("ADHD"), Bipolar Disorder, and severe emotional issues.

2. Justin Ejem was placed at the Waco Center for Youth, a residential treatment center from September 2007 through April 2008. During this placement, Justin Ejem was sexually assaulted numerous times by another student attending the school. Neither the school nor

the school district did anything to prevent these assaults or to mitigate the effects of the assaults.

3. It is because of this and other failures that Plaintiffs bring suit against the Waco Center for Youth for violation of Justin Ejem's civil rights pursuant to the 14th Amendment to the United States Constitution as contemplated by 42 U.S.C. §§1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Rehabilitation Act") and Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.* Such equitable and remedial actions pursuant to these civil rights acts include but are not limited to damages, compensatory services, costs, reimbursement of out-of-pocket expenses, attorney fees and costs, as well as other forms of equitable relief.

## II. JURISDICTION

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the Fourteenth Amendment to the United States Constitution and the laws of the United States as noted above.

5. Furthermore, this Court and supplemental jurisdiction over various state and common law claims pursuant to 28 U.S.C. §1367.

6. Finally, this Court has jurisdiction to award attorneys fees and costs to the Plaintiffs pursuant to 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973 and Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.* pursuant to 42 U.S.C §2000d et seq.

## III. VENUE

7. Under 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs claims occurred in the Western District of Texas.

## IV. PARTIES

8. Justin Ejem is 18 years old, having been born on March 1, 1992. He is a citizen of the State of Texas, and was, at all pertinent times, a pupil in the Axtell Independent School District. It is uncontroverted that he is considered a "student with a disability," as defined by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(1). He lives with his parents at 302 Daisy Road, Luling, Texas 78648.

9. In addition, Rick Ejem is a citizen of the State of Texas and a resident of Caldwell County, and is the next friend and natural father of Justin Ejem.

10. Defendant Waco Center for Youth is a school for children with mental and psychological issues. The center is located at 3501 N 19th St., Waco, TX 76624-0117 and may be served through its superintendent.

## V. FACTUAL BACKGROUND

11. Over the course of Justin Ejem's education, he has been a beneficiary and recipient of special education services at Luling ISD, as a student with an *Emotional Disturbance* ("E.D."). This diagnosis was based his behavioral outbursts in class, hallucinations, and the need for psychiatric medication and behavioral treatment and interventions. He also had a diagnosis of *Attention-Deficit Hyperactivity Disorder* ("ADHD"). As such, he is often inattentive, has impulsive behaviors, and has difficulty organizing tasks and activities.

12. For Justin Ejem, these problems mean having an inability to build or maintain satisfactory relationships with peers and teachers, and inappropriate types of behavior or feelings under

normal circumstances.

13. Because of Justin's emotional and psychological issues, he was taken out of his regular high school and placed at the Waco Center for Youth in September of 2007.

14. Sometime during April of 2008, Justin was sexually assaulted by another student at the WCFY. This student was known to have a propensity for sexually assaulting others. The assaults occurred three (3) to four (4) times and involved forced and/or coerced oral and anal sex.

15. When Justin's parents became aware of the assaults, they removed him from WCFY.

16. Plaintiffs reasonably believe that the Defendant had an affirmative duty to protect Justin from harm caused by other students and that the Defendant's failure to protect Justin was the proximate cause of the assaults.

17. In addition, Plaintiffs reasonably believe that the recalcitrance on the part of WCFY over the course of a significant period of time to effectively address the various safety concerns noted, and to keep Justin safe from harm, amounted to a hostile educational environment for Justin.

18. Since the assaults, Justin has exhibited a number of behaviors that are of great concern to his loved ones. For instance, Justin has experienced sleep disturbances, including nightmares from which he awakens crying and screaming for help. Justin has also been increasingly noncompliant and oppositional. Further, Justin has exhibited increased episodes of enuresis as well as occasional episodes of encopresis.

19. Today Justin continues to be frightened of males. Further, his anxiety and aggression will often flair up without a notice. He wants to sleep with his family again, continues to have nightmares, and avoids social settings.

20. All the above-noted failures by the WCFY rise to the level of discrimination based upon disability.

21. Moreover, and in addition and in the alternative, the failure of the WCFY to adhere to the safety needs of Justin, rises to the level of a gross mismanagement of his educational plan.

22. Moreover, these failures to keep Justin safe and free from abuse rise to the level of a constitutional violation pursuant to the 14th Amendment to the United States Constitution.

## VI. CLAIMS FOR RELIEF PURSUANT TO THE REHABILITATION ACT OF 1973

23. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

24. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and its implementing regulations require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled child's unique needs, and fails to accommodate that child's disability, it violates Section 504.

25. Plaintiffs assert that because the Defendant has failed to keep Justin Ejem safe from harm, and failed to provide him an environment that was not hostile, such failures as noted above, have, together and separately, contributed to violating his rights under Section 504, federal rules and regulations promulgated pursuant thereto.

26. In addition and in the alternative, the failure of the school district to follow the recommendations of their own professional evaluation team, including and especially the *Individualized Educational Plan* developed to keep Justin Ejem safe from harm was a gross

mismanagement of his educational plan and a separate and additional violation of Section 504.

## VII.  STATE ACTION

27. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

28. The WCFY was at all times and in all matters acting under color of state law when they permitted Plaintiff to be subjected to the wrongs and injuries set forth herein.

29. In addition, the WCFY receives funds from the federal government, thus the WCFY is required to follow the requisites of Section 504 of the Rehabilitation Act of 1973.

30. In addition, the WCFY is a policy-maker for itself.  As such, it has acted under color of law for the purposes of formulating the policies, practices, procedures and customs for the school district during the events made the basis of this litigation.

## VIII.  STATE-CREATED DANGERS AND DUTIES

31. Plaintiffs incorporate by reference all the above related paragraphs above with the same force and effect as if herein set forth.

32. Justin Ejem is a person with a severe emotional disability.  As such, the WCFY developed for him an *Individualized Educational Plan* based upon his disability. This plan and duty created a "special relationship" between the WCFY and Justin Ejem

33. At all pertinent times, such acts and omissions of the WCFY increased the likelihood of danger and physical harm to Justin Ejem and constituted a dangerous environment, and comprising a state-created danger in violation of the Fourteenth Amendment of the Constitution of the United States, for which Justin Ejem seeks recovery pursuant to 42

U.S.C. § 1983.

### IX. CLAIMS PURSUANT TO 42 U.S.C. §1983 AND THE 14th AMENDMENT TO THE U.S. CONSTITUTION

34. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

35. The WCFY, acting under color of law and acting pursuant to customs and policies of the district, deprived Justin Ejem of rights and privileges secured to him by the Fourteenth Amendment to the United States Constitution and by other laws of the United States.

36. Further, it deprived Justin Ejem of his right to life, liberty and bodily integrity guaranteed under the United States Constitution, for which the WCFY is liable to Justin Ejem pursuant to 42 U.S.C. §1983 for compensatory monetary damages.

### X. UNCONSTITUTIONAL POLICIES, PROCEDURES , PRACTICES & CUSTOMS

37. Plaintiffs incorporate by reference all the above related paragraphs above with the same force and effect as if herein set forth.

38. Plaintiffs contend that these failures of the WCFY to have policies, procedures, practices and customs to protect Justin Ejem from a known and inherent dangerous situation, violates the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

39. Plaintiffs contend that these failures of the WCFY to have policies, procedures, practices and customs in place to assure staff was correctly trained, so as to protect Justin Ejem from a known and inherent dangerous situation, violates the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

40. Plaintiffs contend that these failures of the WCFY to have policies, procedures, practices and customs in place to assure staff was correctly supervised, so as to protect Justin Ejem from a known and inherent dangerous situation, violates the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

41. Based upon the operative facts, such acts and omissions rise to the level of deliberate indifference, constituting a violation of the Fourteenth Amendment of the Constitution of the United States, and for which the Plaintiff seeks recovery pursuant to 42 U.S.C. §1983.

## XI.  CLAIMS FOR RELIEF PURSUANT TO TITLE IX

42. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

43. Plaintiffs contend that these failures of the WCFY to have policies, procedures, practices and customs in place to assure Justin Ejem would not be a victim to sexual assault by another resident, violates his rights Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.*, upon which he seeks revovery.

## XII.  RATIFICATION

44. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

45. The WCFY ratified the acts, omissions and customs of school district personnel and staff.

46. As a result the WCFY are responsible for the acts and omissions of staff persons who were otherwise responsible for the safety of Justin Ejem

### XIII.  PROXIMATE CAUSE

47. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

48. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

### XIV.  DAMAGES

49. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

50. As a direct and proximate result of the Defendants' conduct, Justin Ejem has suffered injuries and damages, for which he is entitled to recover herein within the jurisdictional limits of this court, including but not limited to:

    a.  Physical pain in the past;

    b.  Medical expenses in the past;

    c.  Mental anguish in the past;

    d.  Mental anguish in the future;

    e.  Mental health expenses in the past;

    f.  Mental health expenses in the future;

    g.  Physical impairment in the past, and

    h.  Various out-of-pocket expenses incurred by the parents of Justin Ejem but for the acts and omissions of the Defendants.

## XVI.  ATTORNEY FEES

51. Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth herein

52. It was necessary for Plaintiffs to retain the undersigned attorneys to file this lawsuit.  Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. §1988(b) and 42 U.S.C. §794a pursuant to 42 U.S.C. § 2000d et seq.

## XVII.  DEMAND FOR JURY TRIAL

53. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

## PRAYER

54. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for judgment against each Defendants and request an order including but not limited to the following relief:

    a. A judgment in favor of Justin Ejem, as supported by a finding that the Defendants did not correctly accommodate Justin Ejem's disability and keep him safe from harm, during the periods claimed, in total or in part;

    b. A judgment in favor of Justin Ejem and his parents, as supported by a finding that Defendants grossly mismanaged his education plan,

    c. A judgment in favor of Justin Ejem and his parents, against the Defendants, jointly and severally, in an amount sufficient to fully compensate them for the elements of damage enumerated above;

    d. An order directing the Defendants to take any and all other specific actions required by Section 504 of the Rehabilitation Act of 1973;

    e. An order declaring Plaintiffs as prevailing party so that Defendants, jointly and

severally, would be required to pay or reimburse Plaintiffs for all costs of preparation and trial of this cause of action, including, but not limited to, filing fees, costs of representation, advocate fees, attorney fees, and expert witness fees, incurred by them up to and through trial, and for its appeal if required, pursuant to Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. §1983 and §1988; and Title IX, together with pre- and post-judgment interest, and court costs expended herein; and

f.   Such other relief as the Court may deem just and proper in law or in equity.

> Respectfully submitted,
>
> Cirkiel & Associates, P.C.
>
>
> By: ___/s/_____
>    Martin J. Cirkiel, Esq.
>    State Bar No. 00783829
>    1901 E. Palm Valley Blvd.
>    Round Rock, Texas 78664
>    (512) 244-6658 [Telephone]
>    (512) 244-6014 [Facsimile]
>    marty@cirkielaw.com [Email]
>
>    Michael Zimmerman, Esq.
>    State Bar No.  22271400
>    Zimmerman Law Firm
>    3501 W. Waco Drive
>    Waco, Texas 76710
>    (254) 752-9688 [Telephone]
>    (254) 752-9680 [Facsimile]
>    mzimmerman@thezimmermanfirm.com [Email]
>
>    ATTORNEYS FOR THE PLAINTIFFS