**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **RICK EJEM, a/n/f for** | § | |
| **JUSTIN EJEM,** | § | |
| **Plaintiffs** | § | |
| | § | **CIVIL ACTION NO. 6:10-cv-00268-WSS** |
| **v.** | § | |
| | § | |
| **WACO CENTER FOR YOUTH, and** | § | |
| **JOHN DOE, SUPERVISOR, IN HIS** | § | |
| **INDIVIDUAL CAPACITY** | § | |
| **Defendants** | § | |

**FIRST AMENDED COMPLAINT**

**NOW COMES** Rick Ejem, next friend and natural father of Justin Ejem, collectively named Plaintiffs herein, by and through their attorneys of record, Martin J. Cirkiel of the law firm of Cirkiel & Associates, P.C., and Michael Zimmerman, Esq. of the Zimmerman Law Firm, and bring this their *Original Complaint* alleging that the Waco Center for Youth (hereinafter referred to as "WCFY") and John Doe, a supervisor at WCFY, violated the various rights of Plaintiffs as more specifically pled herein. Plaintiffs reserve the right to replead this *First Amended Complaint* if new claims and issues arise upon further development of the facts. In support thereof, Plaintiffs would respectfully show the following:

**I. INTRODUCTION AND BRIEF REVIEW OF THE CASE**

1.    This is a case about a child with a disability (Justin Ejem) who has *Attention-Deficit Hyperactivity Disorder* ("ADHD"), Bipolar Disorder, and severe emotional issues.

2.    Justin Ejem was placed at the Waco Center for Youth, a residential treatment center from September 2007 through April 2008. During this placement, Justin Ejem was sexually assaulted on two different occasions by another student attending the school. Even though

WCFY  and John Doe were aware of the first assault, they did not do anything to prevent these assaults or to mitigate the effects of the assaults.

3.    It is because of this and other failures that Plaintiffs bring suit against the Waco Center for Youth for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Section 504") and Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 et seq. and against John Doe for violation of Justin Ejem's civil rights pursuant to the 14th Amendment to the United States Constitution as contemplated by 42 U.S.C. §§1983. Such equitable and remedial actions pursuant to these civil rights acts include but are not limited to damages, compensatory services, costs, reimbursement of out-of-pocket expenses, attorney fees and costs, as well as other forms of equitable relief.

## II. JURISDICTION

4.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the Fourteenth Amendment to the United States Constitution and the laws of the United States as noted above.

5.    Furthermore, this Court and supplemental jurisdiction over various state and common law claims pursuant to 28 U.S.C. §1367.

6.    Finally, this Court has jurisdiction to award attorneys fees and costs to the Plaintiffs pursuant to 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. § 1681 et seq., pursuant to 42 U.S.C §2000d et seq.

### III. VENUE

7.  Under 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs claims occurred in the Western District of Texas.

### IV. PARTIES

8.  Justin Ejem is 18 years old, having been born on March 1, 1992. He is a citizen of the State of Texas, and was, at all pertinent times, a resident of Waco Center for Youth. It is uncontroverted that he is considered a "student with a disability," as defined by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(1). As a result of Justin's disabilities, he is unable to care for himself and see to his own affairs and as such, is legally incompetent. He lives with his parents at 302 Daisy Road, Luling, Texas 78648.

9.  In addition, Rick Ejem is a citizen of the State of Texas and a resident of Caldwell County, and is the next friend and natural father of Justin Ejem, an incompetent person.

10. Defendant Waco Center for Youth is a school for children with mental and psychological issues. The center is located at 3501 N 19th St., Waco, TX 76624-0117 and may be served through its superintendent.

11. Defendant John Doe was an unknown supervisor at Waco Center for Youth to whom Justin Ejem reported the first sexual assault to which he was a victim.[1]

### V. FACTUAL BACKGROUND

12. Over the course of Justin Ejem's education, he has been a beneficiary and recipient of special education services at Luling ISD, as a student with an *Emotional Disturbance* ("E.D."). This diagnosis was based his behavioral outbursts in class, hallucinations, and the need for

---

[1] Plaintiff reasonably believes he can ascertain the name of John Doe with a limited amount of targeted discovery.

psychiatric medication and behavioral treatment and interventions. He also had a diagnosis of *Attention-Deficit Hyperactivity Disorder* ("ADHD"). As such, he is often inattentive, has impulsive behaviors, and has difficulty organizing tasks and activities.

13.    For Justin Ejem, these problems mean having an inability to build or maintain satisfactory relationships with peers and teachers and result in inappropriate types of behavior or feelings under normal circumstances.

14.    Because of Justin's emotional and psychological issues, he was taken out of his regular high school and placed at the Waco Center for Youth in September of 2007.

15.    During the spring of 2008, Justin was sexually assaulted by his roommate, involving forced and coerced oral and anal sex.

16.    Shortly after the sexual assault, Justin reported that he had been sexually assaulted by his roommate to John Doe, a staff member at WCFY.

17.    WCFY and John Doe did not conduct any sort of investigation into the sexual assault and did not take any steps to ensure Justin's safety. Justin's attacker was not even removed as Justin's roommate, forcing Justin to sleep just feet from his attacker.

18.    Unsurprisingly, having been unpunished and left unsupervised in Justin's room, Justin was again sexually assaulted by his roommate, again involving forced and coerced oral and anal sex.

19.    At this point, Justin's parents became aware of the assaults and they removed him from WCFY.

20.    Plaintiff reasonably believes that the WCFY and John Doe had an affirmative duty to protect Justin from harm caused by other students and that the Defendants' failure to protect Justin

was the proximate cause of the assaults.

21.     In addition, Plaintiffs reasonably believe that the recalcitrance on the part of WCFY and John Doe over the course of a significant period of time to effectively address the various safety concerns noted, and to keep Justin safe from harm, amounted to a hostile educational environment for Justin.

22.     Since the assaults, Justin has exhibited a number of behaviors that are of great concern to his loved ones. For instance, Justin has experienced sleep disturbances, including nightmares from which he awakens crying and screaming for help. Justin has also been increasingly noncompliant and oppositional. Further, Justin has exhibited increased episodes of enuresis as well as occasional episodes of encopresis.

23.     Today Justin continues to be frightened of males. Further, his anxiety and aggression will often flair up without notice. He wants to sleep with his family again, continues to have nightmares, and avoids social settings.

## VI. <u>STATE ACTION</u>

24.     Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

25.     John Doe was at all times and in all matters acting under color of state law when he permitted Plaintiff to be subjected to the wrongs and injuries set forth herein.

## VII. CLAIMS PURSUANT TO 42 U.S.C. 1983 AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

26.     Plaintiffs incorporate by reference all the above related paragraphs above with the same force and effect as if herein set forth.

27.     Justin Ejem reported to John Doe that he had been sexually assaulted by his roommate. John Doe did not take any action to investigate the assault and did not take any action to prevent future harm to Justin. Of course, as would be expected when an attacker is not punished and is permitted to sleep in the same room with his previous victim, Justin was again sexually assaulted by his roommate.

28.     By not taking any action to remove Justin or his attacker from their living situation, John Doe placed Justin in a position of danger and acted deliberately indifferent toward Justin.

29.     In failing to protect Justin from the dangerous situation he was placed in, John Doe violated Justin Ejem's rights to be secure in his person, to personal security, and to bodily integrity under the Fourteenth Amendment of the Constitution of United States, for which Justin Ejem seeks recovery pursuant to 42 U.S.C. § 1983.

## VIII. STATE-CREATED DANGER

30.     Plaintiffs incorporate by reference all the above related paragraphs above with the same force and effect as if herein set forth.

31.     Requiring Justin to sleep in the same room as his attacker is a known and obvious dangerous environment.

32.     But for the acts and omissions of John Doe, the subsequent sexual assault of Justin would not have occurred.

33.     The acts and omissions of John Doe increased the danger of physical harm to Justin,

*First Amended Complaint*                                                                                 6

created a dangerous environment, and comprised a state-created danger in violation of the Fourteenth Amendment of the Constitution of the United States, for which Justin Ejem seeks recovery pursuant to 42 U.S.C. § 1983.

## IX. SPECIAL RELATIONSHIP

34.    Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

35.    A special custodial relationship existed at all pertinent times between Justin, a student with disabilities, and Defendant John Doe. Accordingly, John Doe had a corresponding duty to provide him a safe environment while at WCFY.

36.    John Doe failed to provide Justin with a safe environment while at WCFY in violation of the Fourteenth Amendment of the Constitution of the United States, for which Justin Ejem seeks recovery pursuant to 42 U.S.C. § 1983

## X. CLAIMS FOR RELIEF PURSUANT TO SECTION 504

37.    Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

38.    Section 504 and its implementing regulations require that each state that receives federal disbursements, including the state's political subdivisions, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled child's unique needs and fails to accommodate that child's disability, it violates Section 504.

39.    A violation of Section 504 exists where a recipient of federal disbursements has acted in bad faith or with gross misjudgment. In the present case, in failing to investigate Justin Ejem's

claim that he had been sexually assaulted and failing to take any steps to keep Justin safe from future harm, WCFY acted in bad faith or with gross misjudgment.

## XI. CLAIMS FOR RELIEF PURSUANT TO TITLE IX

40.    Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

41.    In failing to investigate Justin Ejem's claim that he had been sexually assaulted and failing to take any steps to keep Justin safe from future harm, WCFY was deliberately indifferent not simply to known acts of sexual harassment but rather to known acts of sexual assault. These sexual assaults created a hostile educational environment that so impacted Justin Ejem's education that he had to withdraw from Waco Center for Youth. Such deliberate indifference to a hostile educational environment constitutes a violation of Title IX.

## XII. PROXIMATE CAUSE

42.    Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

43.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

## XIII. <u>DAMAGES</u>

44.     Plaintiffs incorporate by reference all the above-related paragraphs with the same force and

        effect as if herein set forth.

45.     As a direct and proximate result of the Defendants' conduct, Justin Ejem has suffered injuries

        and damages, for which he is entitled to recover herein within the jurisdictional limits of this

        court, including but not limited to:

a.              Physical pain in the past;

b.              Medical expenses in the past;

c.              Mental anguish in the past;

d.              Mental anguish in the future;

e.              Mental health expenses in the past;

f.              Mental health expenses in the future;

g.              Physical impairment in the past, and

h.              Various out-of-pocket expenses incurred by the parents of Justin Ejem but for the acts

and omissions of the Defendants.

## XIV. <u>ATTORNEY FEES</u>

46.     Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth herein

47.     It was necessary for Plaintiffs to retain the undersigned attorneys to file this lawsuit. Upon

        judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C.

        §1988(b) and 42 U.S.C. §794a pursuant to 42 U.S.C. § 2000d et seq.

## XV. <u>DEMAND FOR JURY TRIAL</u>

48.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

### PRAYER

49.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for judgment against each Defendant and request an order including but not limited to the following relief:

a.      A judgment in favor of Justin Ejem, by his next friend Rick Ejem, that Defendant Waco Center for Youth acted in bad faith or with gross misjudgment during the periods claimed, in total or in part;

b.      A judgment in favor of Justin Ejem, by his next friend Rick Ejem, that Defendant Waco Center for Youth was deliberately indifferent to Justin, creating a hostile educational environment.

c.      A judgment in favor of Justin Ejem, by his next friend Rick Ejem, that Defendant John Doe failed to protect Justin from the dangerous situation he was placed in.

d.      A judgment in favor of Justin Ejem, by his next friend Rick Ejem, against the Defendants, jointly and severally, in an amount sufficient to fully compensate them for the elements of damage enumerated above;

e.      An order declaring Plaintiffs as prevailing party so that Defendants, jointly and severally, would be required to pay or reimburse Plaintiffs for all costs of preparation and trial of this cause of action, including, but not limited to, filing fees, costs of representation, advocate fees, attorney fees, and expert witness fees, incurred by them up to and through trial, and for its appeal if required, pursuant to Section 504 of the

Rehabilitation Act of 1973, 42 U.S.C. §1983 and §1988; and Title IX, together with

pre- and post-judgment interest, and court costs expended herein; and

f.        Such other relief as the Court may deem just and proper in law or in equity.

Respectfully submitted,

Cirkiel & Associates, P.C.

/s/ Martin J. Cirkiel
Martin J. Cirkiel, Esq.
State Bar No. 00783829
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

Michael Zimmerman, Esq.
State Bar No. 22271400
Zimmerman Law Firm
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688 [Telephone]
(254) 752-9680 [Facsimile]
mzimmerman@thezimmermanfirm.com [Email]

ATTORNEYS FOR THE PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to the following parties on this _____ day of January, 2011 by Notice of Electronic Filing from the Clerk of the Court:

Eric L. Vinson
Drew L. Harris
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**ATTORNEYS FOR DEFENDANTS**

  /s/ Martin J. Cirkiel
Martin J. Cirkiel