IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RICK EJEM, a/n/f for | § | |
| JUSTIN EJEM, | § | |
|     Plaintiffs | § | |
| | § | CIVIL ACTION NO. 6:10-cv-268-WSS |
| v. | § | |
| | § | |
| WACO CENTER FOR YOUTH, et al. | § | |
|     Defendants | § | |

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST WACO CENTER FOR YOUTH

**TO THE HONORABLE JUDGE OF SAID COURT**:

**NOW COMES** Rick Ejem, a/n/f for Justin Ejem, by and through their attorneys of record, and bring this, their *Motion for Partial Summary Judgment* against the Defendant Waco Center for Youth ("WCFY""), and in support thereof, Plaintiffs would respectfully show the following:

### I. SUMMARY OF THE CASE AND ARGUMENT

1.    While Justin Ejem was a student and resident at WCFY during 2007 and 2008, he was sexually assaulted by his roommate on multiple occasions. After each incident, Justin told WCFY staff. After the first two incidents, WCFY staff did nothing. After the third and last incident, WCFY staff finally changed Justin's room assignment and notified Justin's father, who withdrew Justin from WCFY.

2.    As there is uncontroverted evidence that Justin was sexually harassed, that the sexual harassment was severe and pervasive to the point that he had to withdraw from WCFY, and that WCFY knew of the sexual harassment and was deliberately indifferent to it, Plaintiffs bring forth their *Motion for Partial Summary Judgment* accordingly.

## II. <u>STANDARD OF REVIEW</u>

3.    A court may terminate litigation by rendering summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). A material fact issue is one that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986). Once the party seeking summary judgment makes the initial showing, negating any disputed, material fact, the party opposed to the motion must offer evidence reflecting the existence of one or more genuine issues of material fact. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S. Ct. 82 (1992). Conclusory assertions are insufficient to raise a genuine issue of material fact precluding summary judgment. Reese v. Anderson, 926 F.2d 494, 498 (5th Cir. 1991).

## III. <u>STATEMENT OF MATERIAL FACTS</u>

4.    In the fall of 2007, Justin Ejem, a fifteen-year-old boy with ADHD and Bipolard disorder, was admitted to the Waco Center for Youth, a treatment center for emotionally disturbed juveniles. (Doc. #17, ¶1, ¶2, ¶8, ¶10).

5.    On or around February 13, 2008, Justin reported to WCFY staff that his roommate wanted Justin to perform oral sex on him. (Exh. A, p. 326). Justin was so worked up over the incident that he was given 50mg of Thorazine for "extreme agitation." (Exh. A, p. 326). Although Justin's "Patient Daily Functioning Checklist" notes that Justin was involved in a physical and verbal altercation with a peer on that day, there is no mention of any sexual misconduct. (Exh. A. p. 1062-1065).

6.    On February 17, 2008 and February 18, 2008, Justin refused to sleep in his room with his roommate and instead slept in "the timeout room." (Exh. A, p. 1078, 1082). Justin again slept in the timeout room on February 22, 2008 and March 11, 2008. (Exh. A, p. 1093. 1160).

7.    On or around April 13, 2008, Justin reported to WCFY that his roommate sexually assaulted him. (Exh. A, p. 424).

8.    Ultimately, Justin was sexually assaulted by his roommate on three different occasions. (Exh. B, p. 2). After each occasion, he told staff, but nothing was done until after the last incident, when Justin was switched to another room and his father was called. (Exh. B, p. 2).

9.    After being notified of the last incident, Rick Ejem, Justin father, withdrew Justin from WCFY on April 17, 2008 (Exh. A, p. 278, Exh. B, p. 2-4).

10.   Justin now suffers from Posttraumatic Stress Disorder, with mental anguish and emotion pain that could continue for the rest of his life and requires therapy once or twice a week for the next four to six years. (Exh. B, p. 4-6).

## IV. ISSUES PRESENTED

11.   Whether the Waco Center for Youth violated Title IX of the Education Amendments of 1972 ("Title IX"), 86 Stat. 373, as amended, 20 U.S.C. §1681 *et seq.*, when they were deliberately indifferent to the severe, pervasive, and objectively offensive sexual harassment of Justin Ejem.

## V. ARGUMENT

12.   Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

13.     A plaintiff may recover damages under Title IX based on student-on-student harassment where: (1) the Defendant is a Title IX funding recipient, (2) the Defendant "acts with deliberate indifference to known acts of harassment in its programs or activities," and (3) the harassment is "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999). As it is uncontroverted that Defendant is a Title IX funding recipient[1], this *Motion* thus focuses on the second and third elements.

   **A. Justin Ejem was denied an educational benefit as a result of severe, pervasive, and objectively offensive sexual harassment.**

14.     In Davis, the Court found that numerous incidents of verbal harassment and fondling over a 5-month period was sufficiently severe, pervasive, and objectively offensive to trigger liability under Title IX. 526 U.S. at 654-55. In Vance v. Spencer County Public Sch. Dist., the Sixth Circuit found that a student was subjected to severe, pervasive, and objectively offensive harassment where she was stabbed in the hand, had her shirt yanked off and her hair pulled while two male students attempted to disrobe, and was subjected to verbal propositioning and namecalling. 231 F.3d 253, 259 (6th Cir. 2000). In Williams v. Bd. of Regent of Univ. System of Ga., the court found that sexual harassment was severe, pervasive, and objectively offensive where a student was subjected to one incident of attempted rape, one incident of rape, and two harassing telephone calls. 477 F.3d 1282, 1297-98 (11th Cir. 2007). The court further found that, because the harassment resulted in the victim's withdrawal from the University, the harassment had "effectively barred her access to an educational opportunity or benefit." Id. at 1298.

---

[1] Plaintiffs' First Amended Complaint alleges that WCFY is a recipient of federal funds. (Doc. #16, ¶38). Defendant's Answer (Doc. #17) neither admits nor denies and Defendant's Motion to Dismiss seemingly concedes that Defendant is a recipient of federal funds for the purposes of Title IX. (Doc. #4, p. 10).

15.   Justin was anally raped by his roommate on multiple occasions over a number of months. That roommate also requested oral sex from Justin. Those incidents are certainly more severe, pervasive, and objectively offensive than the conduct in <u>Davis</u> or <u>Vance</u> and at least on par with the conduct in <u>Williams</u>. Ultimately, Rick Ejem, Justin's father, withdrew him from WCFY because of the repeated incidents of rape. As in <u>Williams</u>, Justin was subjected to severe, pervasive, and objectively offensive sexual harassment that ultimately led to him withdrawing from WCFY, denying him an educational opportunity or benefit.

## B. Waco Center for Youth acted with deliberate indifference toward known acts of harassment against Justin

16.   A Title IX funding recipient is liable for sexual harassment under Title IX where the recipients' deliberate indifference causes the students to undergo harassment or makes the student vulnerable to it. <u>Davis</u>, 526 U.S. at 644-45.

17.   In <u>Davis</u>, the Court found the Defendant acted with deliberate indifference where the Defendant "made no effort whatsoever either to investigate or to put an end to the harassment." 526 U.S. at 654. In <u>Williams</u>, the court found that the University of Georgia was deliberately indifferent where they placed a student with a known history of sexual misconduct and in a student dormitory and failed to supervise him. 477 F.3d at 1296. In <u>Murrell v. Sch. Dist. No. 1</u>, the Tenth Circuit found that the Defendant acted with deliberate indifference where staff did not inform law enforcement, investigate, nor discipline a student accused of sexually assaulting plaintiff. 186 F.3d 1238, 1243 (10th Cir. 1999).

18.   As in those cases, in the present case, WCFY did nothing despite their notice of incidents of sexual harassment. WCFY's own records show that Justin was so worked up after his

roommate propositioned him for oral sex that he had to be medicated for two days. Yet there is nothing in those records indicating any sort of response to prevent future similar incidents, or even any indication of any investigation or punishment whatsoever. Twice Justin was anally raped and Defendants did nothing. It wasn't until after the third time Justin was raped that WCFY finally changed Justin's room assignment and notified his father, though there is still notably no indication whatsoever that WCFY notified law enforcement or punished the offending student.

19.     But for WCFY's deliberate indifference toward Justin's initial complaint that he was propositioned by his roommate, he might never have been raped even once. Unfortunately, WCFY was not only deliberately indifferent to that first outcry but also to two subsequent allegations of sexual assault, ultimately making Justin vulnerable to being raped by his roommate on three occasions.

## VI. CONCLUSION

20.     As Defendant WCFY is a Title IX funding recipient, acted with deliberate indifference to known acts of sexual harassment, and the harassment was so severe, pervasive, and objectively offensive that it cause Justin to withdraw from WCFY, denying him an educational benefit, WCFY is liable for damages to Plaintiff under Title IX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray their *Motion for Partial Summary Judgment* be granted, that this Honorable Court enter an Order in favor of the Plaintiff against Defendant Waco Center for Youth, awarding damages as well as attorneys' fees and costs to Plaintiff, and for such other relief may be awarded, whether it be at law, or at equity, or both.

Respectfully submitted,

Cirkiel & Associates, P.C.

 /s/ Martin J. Cirkiel
Mr. Martin J. Cirkiel, Esq.
State Bar No.: 00783829
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com

Mr. Michael Zimmerman
State Bar No. 22271400
The Zimmerman Law Firm
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688 [Telephone]
(254) 752-9680 [Facsimile]
mzimmerman@thezimmermanfirm.com

Greg White
State Bar No. 21329050
P.O. Box 2186
Waco, Texas 76703
254.717.5728 [Telephone]
866.521.5569 [Facsimile]
greg.white@texapplaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify on November 25, 2011 I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

Eric L. Vinson
Drew L. Harris
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 [Telephone]
(512) 320-0667 [Facsimile]

**ATTORNEYS FOR DEFENDANT WCFY**

/s/ Martin J. Cirkiel
Martin J. Cirkiel