TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

Case Name: Ejem, Justin
Case #: 26619648

## APS FACILITY
## ABUSE AND NEGLECT INVESTIGATIVE REPORT

### CONFIDENTIAL
### INVESTIGATIVE REPORT

**Facility Name:**
**Address:**

Waco Center For Youth
3501 N 19TH ST

WACO, TX 76708-2007
MCLENNAN

**Component Code:** 680

## ALLEGATION DETAIL

| Victim | Allegation(s) | Perpetrator(s) | Disposition | Class |
|---|---|---|---|---|
| Ejem, Justin | Emot/Verbl Abuse | Dunn, Diane | Confirmed | 3-verbal |
| Ejem, Justin | Neglect | Slover, Eric | Unconfirmed | Neglect |
| Ejem, Justin | Neglect | Henderson, Anita | Unconfirmed | Neglect |
| Nash, Ethan W | Neglect | Henderson, Anita | Unconfirmed | Neglect |
| Nash, Ethan W | Neglect | Wachsmann, Robbie | Unconfirmed | Neglect |
| Ejem, Justin | Neglect | Wachsmann, Robbie | Unconfirmed | Neglect |
| Nash, Ethan W | Neglect | Slover, Eric | Unconfirmed | Neglect |

**Date And Time of Alleged Incident:** 4/13/2008 unknown
It was alleged that RN Diane Dunn emotionally/verbally abused Justin Ejem on 4/13/08 when RN Dunn made inappropriate sexual remarks to Mr. Ejem during a sexual abuse exam. This allegation was added after an additional intake was recieved.

**Date And Time of Alleged Incident:** 4/11/2008 unknown
It was alleged that unknown perpetrator(s), Eric Slover, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation remained consistent.

**Date And Time of Alleged Incident:** 4/11/2008 unknown
It was alleged that unknown perpetrator(s), Anita Henderson, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation remained consistent.

**Date And Time of Alleged Incident:** 4/11/2008 unknown
It was alleged that unknown perpetrator(s), Anita Henderson, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation remained consistent.

**Date And Time of Alleged Incident:** 4/11/2008 unknown
It was alleged that unknown perpetrator(s), Robbie Wachsman, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation remained consistent.

**Date And Time of Alleged Incident:** 4/11/2008 unknown
It was alleged that unknown perpetrator(s), Robbie Wachsman, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation

Texas Department Of Family and Protective Services


EXHIBIT 12
WIT: Justin Ejem
DATE: 2-15-12
Debra McGrew, CSR

Page 1 of 9

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

| | |
|---|---|
| Case Name: | Ejem, Justin |
| Case #: | 26619648 |

## APS FACILITY
## ABUSE AND NEGLECT INVESTIGATIVE REPORT

remained consistent.

**Date And Time of Alleged Incident:** 4/11/2008 unknown

It was alleged that unknown perpetrator(s), Eric Slover, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation remained consistent.

**Date And Time of Initial APS Notification:** 4/14/2008 03:16 PM
**Date And Time of Superintendent/Director Notification:** 4/14/2008 04:00 PM
**Date And Time of Initial Face-to-Face:** 4/14/2008 05:15 PM
**Date And Time of Law Enforcement Notification:** 4/14/2008 03:48 PM
**Date And Time of Request for Review:**
**Name of Assigned Officer And Cause Number:**

Kraig Disney
Waco Police Dept.
Crimes Against Children
2323 Columbus Ave.
Waco, Texas

## EVIDENCE LIST

EXHIBIT A: INTAKE DOCUMENTS #26619648, 26621406
EXHIBIT B: KARMAN TURNER
EXHIBIT C: JUSTIN EJEM, ALLEGED VICTIM
EXHIBIT D: ETHAN NASH, ALLEGED VICTIM
EXHIBIT E: DAKOTA NORDEN
EXHIBIT F: REPORTER CONTACT
EXHIBIT G: DIANE DUNN, RN/ALLEGED PERPETRATOR
EXHIBIT H: PATRICK POWERS
EXHIBIT I: ERIC SLOVER, ALLEGED PERPETRATOR
EXHIBIT J: ANITA HENDERSON, ALLEGED PERPETRATOR
EXHIBIT K: TESS WILLIAMS
EXHIBIT L: NASH DOCUMENTATION AND INJURY REPORT
EXHIBIT M: EJEM DOCUMENTATION AND INJURY REPORT
EXHIBIT N: WORK ASSIGNMENT LOG
EXHIBIT O: RN AS ALLEGED PERP FORM
EXHIBIT P: EXTENSION REQUEST
Exhibit Q: Photographs

## SUMMARY OF EVIDENCE

**Law Enforcement Notification:** Assistant, Rebecca Shelby notified Waco Police Department Designee, Sue, of NEGL P-1, involving a juvenile, on 04/14/08; 3:48 p.m. A copy of the de-identified intake was faxed to the

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

| |
|---|
| Case Name: Ejem,Justin |
| Case #: 26619648 |

# APS FACILITY
# ABUSE AND NEGLECT INVESTIGATIVE REPORT

facility on 04/14/08; 4:57 p.m.

**Superintendent/ED Notification:** Assistant, Rebecca Shelby notified Waco Center For Youth Designee, Rose Dawson, of NEGL P-1, involving a juvenile, on 04/14/08; 4:00 p.m. A copy of the de-identified intake was faxed to the facility on 4:57 p.m.

**Law Enforcement Notification:** Assistant, Rebecca Shelby notified Waco Police Department Designee, Sue, of NEGL P-1, involving a juvenile, on 04/15/08; 3:50 p.m. A copy of the de-identified intake was faxed to the facility-Crimes Against Children Division on 04/15/08; 4:49 p.m.

**Superintendent/ED Notification:** Assistant, Rebecca Shelby notified Waco Center for Youth Designee, Don Wright, of NEG: P-1, involving a juvenile, on 04/15/08; 3:53 p.m. A copy of the de-identified intake was faxed to the facility on 04/15/08; 4:49 p.m.

**Staffing:** a second intake was reported on 4/15/08 at 3:10pm regarding the same incident. Cases are being merged. The second intake provided the following:
OV (14 yo m) lives in Waco Center For Youth in the Trinity Unit.
Diagnosis is unknown.
OV (14 yo m) is a consumer at Waco Center For Youth. It was reported on 4/13/2008 that OV supposedly had sexual interaction with another consumer. A nurse was assessing the reported sexual act and said: "Did you want to get fucked in the ass? Did you just grab your ankles and bend over? If you wanted to suck dick, couldn't you do it somewhere else?" to OV.
The IN's assessment took place on the Trinity Unit where OV resides.
It was not known if there was any physical contact between the IN and the OV. It was not known if there was any interaction between OV and XX.

**Karman Turner, 3-11 staff on Trinity Unit,** made a statemen ton 4/14/08 at 4:40pm to Investigative Supervisor Vicky Linn on the Trinity unit and the following is a summary of that statement. On Friday 4/11/08, Justin Ejem and Ethan Nash were in their room right before lights out and one of them were asked to go to the timeout room because of all the horseplaying. At 9:30pm Mr. Ejem was playing cards and reading a book and at 10pm Mr. Ejem got his meds and at 10:30pm Mr. Ejem was still in the timeout room on his mattress reading a book.

An attempt to conduct a face to face interview with **Justin Ejem, alleged victim,** was made on 04/14/08 at 5:15 p.m. by Supervisor Vicky Linn. Supervisor Linn asked staff if she could speak with Justin Ejem and she was told that he was not on the dorm at that time. Mr. Ejem's documentation was reviewed while Ms. Linn waited. Mr. Ejem was still not available for an interview at 5:30 p.m. Due to another scheduled interview Ms. Linn could not wait any longer.

**Justin Ejem, alleged victim,** made a statement on 4/16/08 at 9:50am to Investigator Quinn at the Trinity dining room and the following is a summary of that statement. Mr. Ejem requested assistance writing his statement. Ethan Nash was Mr. Ejem's roommate when this happened on Friday night at lights out. Mr. Nash approached Mr. Ejem. Mr. Ejem provided he did not go to the timeout room but stayed in his room to go to sleep. Roomate, Dakota Norden, was also in the room but Mr. Ejem did not know if Mr. Norden heard anything. Mr. Ejem did not know if the staff had passed by the third time but did not believe so. The staff only passed by twice.

**Ethan Nash, alleged victim,** made a statement on 4/16/08 at 10:06am to Investigator Quinn at the Trinity dining room and the following is a summary of that statement. Mr. Nash requested assistance with his statement. On Friday and Saturday nights Mr. Ejem slept in the activity room and no one else goes in there while someone is in

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

| Case Name: Ejem, Justin |
|---|
| Case #: 26619648 |

## APS FACILITY
## ABUSE AND NEGLECT INVESTIGATIVE REPORT

there. Mr. Ejem and Mr. Nash have been having some arguements lately and Mr. Nash believes Mr. Ejem could just be mad at him. Mr. Ejem has lied and gotten Mr. Nash in trouble before. Mr. Ejem and Mr. Nash have not had sex. Dakota Norden has dried humped Mr. Nash before but not recently. The staff are supposed to walk the halls. Mr. Karman, cottage manager, was working on Friday. Saturday Patrick told Mr. Ejem to move his own bed into the activity room. Relaxation is from 8-8:30pm, from 8:30-9 we get ready for bed and at 9pm it is lights out. Mr. Ejem did come into the room to get stuff from his desk but Mr. Nash was in bed reading a book. Mr. Norden was already asleep as he goes to bed between 7 and 7:30pm.

**Dakota Norden, roommate of Mr. Ejem and Mr. Nash,** made a statement on 4/16/08 at 10:25am to Investigator Quinn at the Trinity dining room and the following is a summary of that statement. Mr. Norden requested assistance with his statement. The day after it happened Mr. Norden heard Mr. Nash and Mr. Ejem say they had sex last night. Mr. Nash said it hurt. Mr. Norden believed they were lying. Mr. Norden does go to bed around 7pm due to his medication making his sleepy so Mr. Norden could not say for sure if "they" did it or not. Mr. Nash thinks he "owns" Mr. Norden and Mr. Ejem and acts like the boss. Mr. Norden believes Mr. Nash would "butt rape" Mr. Ejem just because he wanted to. On Saturday, Mr. Ejem and Mr. Nash were acting weird. Mr. Nash asked Mr. Ejem if he wanted to do it again. Mr. Ejem moved to the time out room.

**Staffing:** Investigator Quinn staffed these two cases with Supervisor Linn on 4/16/08 at 1pm. Advised to merge. Advised to add RN Dianna Dunn as AP for emotional/verbal abuse. Peer review not sufficient. 1:25pm telephone call to Jan VinZant to notify of additional of alleged perpetrator of emotional/verbal abuse.

**The reporter** was contacted on 4/24/08 at 1:50pm by Investigator Quinn and the Reporter provided that the information in the intake was correct as was told to the Reporter. The Reporter was not a direct eye witness to the incident with RN Dunn but the information was reported to the Reporter. Reporter was thanked for this information.

**Diane Dunn, alleged perpetrator,** made a statement on 4/24/08 at 2:15pm to Investigator Quinn at the Adm building at the WCY campus and the following is a summary of that statement. On 4/13/08 at approx. 9:15-9:30pm RN Dunn was asked to assist RN Williams with a sexual abuse exam. RN Dunn, RN Williams and Pat Powers were present along with consumer Mr. Ejem. RN Dunn provided that RN Dunn just repeated back to Mr. Ejem what he said "you're telling me the boy took your pajama pants off and put his penis in your rectum?" Mr. Ejem looked at RN Dunn with a blank expression and said "my what?" RN Dunn then used the word bottom instead of rectum. Mr. Ejem still looked puzzled so RN Dunn repeated the question using the words dick and bottom instead of penis and rectum. Mr. Ejem then denied the incident and stated he just wanted out of the bedroom because "they" had talked about it and Mr. Ejem was afraid it might happen. Mr. Ejem told RN Dunn that was correct that it did not actually happen but a week earlier another boy had made the same allegation and the boy got to move out of the room. Mr. Ejem wanted out of an uncomfortable situation. RN Dunn then stated "you mean you're telling me that the peer did not make you bend over and you didn't let him put his dick in you bottom?" Mr. Ejem then stated that he just wanted out of his bedroom so Mr. Ejem would not be talked into doing it.

**Patrick Powers, 3-11 Trinity staff/witness,** made a statement on 4/24/08 at 2:25pm to Investigator Quinn at the Adm building at WCY and the following is a summary of that statement. On the 13th of April at approx 8:30pm or so, RN Diane Dunn, along with RN Tess asked Mr. Powers to call for Mr. Ejem to speak with Mr. Ejem about something. Mr. Powers was then asked to come into the office after several minutes due to the nature of the incident that Mr. Ejem expanded on. Mr. Ejem also was demanding a room change and refused to sleep in the room with Ethan Nash because Mr. Nash had raped Mr. Ejem on April 12th between 8:30-9pm. Mr. Powers worked on 4/12/08 and remembered that Mr. Ejem asked between 8:20-8:30pm to be moved into the timeout room. Mr. Ejem moved his bed and for the remainder of the night stayed in the timeout room. Anytime Mr. Ejem returned to his bedroom a staff member escorted Mr. Ejem to and from the room. Mr. Ejem and Mr.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

Case Name: Ejem, Justin
Case #: 26619648

# APS FACILITY
# ABUSE AND NEGLECT INVESTIGATIVE REPORT

Nash have had conflicts. Mr. Ejem did insist the incident happened on 4/12/08. RN Dunn then asked Mr. Powers to get Mr. Nash. Mr. Nash denied the incident happened upon questioning by RN Dunn. Mr. Nash left and Mr. Ejem was recalled for questioning by RN Dunn. During the questioning RN Dunn did use the word "dick" but Mr. Powers did not recall in what context it was used. Mr. Ejem then described consensual sexual contact between he and Mr. Nash but changed the date from 4/12/08 to 4/11/08. Mr. Ejem then stated that he only said he was raped because he wanted an emergency room change. RN Dunn then came to the conclusion that this wasn't a "crime scene" but consensual physical contact. RN Dunn and RN Williams then discussed calling Don Wright, UNC, and the therapist for follow up with this issue. Mr. Powers is not saying that some inappropriate comments were made by RN Dunn but Mr. Powers was in and out of the room. When RN Dunn stated the word "dick" Mr. Powers thought it was just an ice-breaker because Mr. Ejem then began telling what really happened and it appeared as though his comfort level had improved.

**Eric Slover, alleged perpetrator,** made a statement on 4/24/08 at 3:05pm to Investigator Quinn at the Adm building at WCY and the following is a summary of that statement. On 4/11/08 Mr. Slover was working on Trinity from 2-10:30pm. Regular hall checks are done no less that every 15 minutes. Mr. Slover recalled Mr. Ejem sleeping in the timeout room some that week but could not recall if Mr. Ejem was in the timeout room at that time that Mr. Slovers' shift ended. Regular hall checks were made and Mr. Slover did not feel as though any staff on duty that night was neglectful to any of the patients.

**Anita Henderson, alleged perpetrator,** made a statement on 4/24/08 at 3:30pm to Investigator Quinn at the Trinity diningroom and the following is a summary of that statement. Ms. Henderson worked 3-11:30pm on 4/11/08 and at 8pm relaxation time occured. At 8:15pm Mr. Ejem pulled his mattress into the quiet room to sleep for the night and stayed at least until 11:30pm (end of shift). Hallway walks and bed checks were done every 10-15 minutes. All patients were in their beds. Staff sat at the end of the hall where "we" had a clear view of the hallway so "we" could see if anyone came out of their room. The only patients that came out of his room went to the bathroom and returned to their rooms.

**Tess Williams, RN and witness to exam,** made a statement on 4/28/08 at 10:15am to Investigator Quinn at the WCY training room and the following is a summary of that statement. Mr. Ejem went to RN Willams office on 4/13/08 and reported the alleged sexual contact between Mr. Ejem and Mr. Nash. RN Williams then reported this to RN Dunn so RN Dunn could handle the situation. During the assessment, RN Dunn asked Mr. Ejem about what happened and used the terms like "so you just bent over, grabbed your ankles and let him put his dick in you? So you're telling me you let him put his dick in your mouth? Don't tell me you didn't play reindeer games!" The patient, Mr. Ejem, was very confused, embarrassed and kept his head down. Several other staff were brought into the room as the staff were alleged to have been on duty. RN Williams and staff Powers looked at each other with wide eyes and Mr. Powers asked what were reindeer games. RN Williams said she would tell Mr. Powers after the exam. Mr. Ejem was talked to inappropriately by RN Dunn and by the end of the interview, Mr. Ejem had stated they both did this together. RN Dunn did not speak this way to Mr. Nash and Mr. Nash denied the incident happened. RN Williams made sure patients Ejem and Nash were separated for the remainder of the shift and that staff were checking all the patients rooms more. RN Williams also ensured Mr. Nash and Mr. Ejem were kept separated from each other.

**Nash**
Client Injury Report dated 4/14/08 showed alleged neglect on 4/11/08 between 9-9:30pm. Clients were roomates and in their bedroom at lights out. Ejem stated Nash wanted to have anal sex. Both performed anal sex on each other. Ejem was penetrated by Nash but Ejem did not penetrate Nash. Neither is complaining of injury or pain. Nash denied the incident and refused the exam by RN Rose Dawson and Dr. Turner since no incident then no injury as stated by Nash.

**Patient Daily Functioning Checklist** dated 4/11/08 at 8:58pm showed Erik Slover entered the information.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

Case Name: Ejem, Justin
Case #: 26619648

# APS FACILITY
# ABUSE AND NEGLECT INVESTIGATIVE REPORT

Nash having trouble getting along with peers, aruguing even after several reminders. Response was slow to follow staff instructions and redirection. No major problems for the shift.
Checklist for 4/12/08 was also reviewed, no pertinent information.

**Ejem**
Client Injury Report dated 4/14/08 showed the above Nash injury report info. No visible injury, no edema or ecchymosis, no sign of bleeding. RN Rose Dawson performed the exam.

**Patient Daily Functioning Checklist** dated 4/11/08 at 10:28pm showed Robert Wachsmann entered the information. Ejem had a good shift, participated in programming and interacting with peers and staff. No major problems. Will be monitored for the remainder of the shift.
Checklist for 4/12/08 was also reviewed, no pertinenet information.

**Service Staff Assignment Log** dated 4/11/08 showed on Trinity 3-11 that Karman Turner, Anita Henderson, Robbie Wachsmann and Erik Slover were working. On 4/12/08: Erik Slover, Pat Powers and Anita Henderson were working.

## CLOSING SUMMARY

**ANALYSIS OF EVIDENCE:**

- **RESTATEMENT OF THE ALLEGATION**
  It was alleged that RN Diane Dunn emotionally/verbally abused Justin Ejem on 4/13/08 when RN Dunn made inappropriate sexual remarks to Mr. Ejem during a sexual abuse exam. This allegation was added after an additional intake was recieved.

- **POINTS OF AGREEMENT**
  It was undisputed that Justin Ejem, RN Diane Dunn, RN Tess Williams and staff Patrick Powers were in the office during the sexual abuse interview with Mr. Ejem.

- **POINTS OF DISAGREEMENT**
  It is in dispute if RN Dunn just used the word "dick" or if RN Dunn went further and asked Mr. Ejem about "reindeer games." Also "if you just let him put his dick in your mouth." "So you just bent over and grabbed your ankles and let him put his dick in you?"

- **POLICY, PROGRAM, OR TRAINING ISSUES RELEVANT TO THE FINDINGS**
  n/a

- **CREDIBILITY**
  Mr. Ejem did not comment on this allegation of emotional/verbal abuse so credibility could not be established.


TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

| | |
|---|---|
| Case Name: | Ejem, Justin |
| Case #: | 26619648 |

## APS FACILITY
## ABUSE AND NEGLECT INVESTIGATIVE REPORT

RN Diane Dunn provided that RN Dunn did not emotionally/verbally abuse Mr. Ejem during the exam just used terms that Mr. Ejem could understand. RN Dunn denied using any inappropriate terms. RN Dunn had reason not to provide the truth regarding these allegations since RN Dunn is the named perpetrator.

RN Tess Williams had no reason to provide vicious or inacurate information regarding the interactions during the exam/interview of Mr. Ejem. RN Williams is a new RN and had not been involved with sexual abuse allegations before. RN Williams found the terms used and the inuendo to be offensive and completely out of line. RN Williams was found to be a credible witness.

Patrick Powers provided that Mr. Powers did hear RN Dunn use the word dick but thought that it was in context since Mr. Ejem did not seem to be responding to the word penis. Mr. Powers provided that he was in and out of the room during the exam. This information was found to be questionable since RN Williams provided that Mr. Powers stayed for each exam and questioning until RN Dunn was finished with the patient.

- **PROBABLE VERSION OF EVENTS**
  Mr. Ejem was brought into the medical office on Trinity were RN Dunn and RN Williams were waiting to ask Mr. Ejem about the sexual contact allegations that were made. RN Dunn asked Mr. Ejem "if you just let him put his dick in your mouth. So you just bent over and grabbed your ankles and let him put his dick in you?" Mr. Ejem was confused and embarrased to the point that Mr. Ejem could not look at RN Dunn or answer RN Dunn's questions completely. Mr. Ejem was also asked about playing "reindeer games" which confused not only Mr. Ejem but staff Mr. Powers. RN Williams was appaled by the statements and could not speak as well. RN Dunn did not use this language when interviewing Mr. Nash.

- **CONCLUSION**
  When the alleged perpetrator is an employee, agent, or contractor, verbal/emotional abuse is defined as any act or use of verbal or other communication, including gestures, to:
      (1) curse, vilify, or degrade a person served; or
      (2) threaten a person served with physical or emotional harm.
  (b) In order for the definition of verbal/emotional abuse to be met, the act or communication must:
      (1) result in observable distress or harm to the person served; or
      (2) be of such serious nature that a reasonable person would consider it harmful or causing distress.

  After reviewing the allegation, intake, witness statements and documentation it was determined that RN Diane Dunn made inappropriate sexual remarks to Mr. Ejem during a sexual abuse exam that RN Tess Williams and Mr. Ejem found distressful and inappropriate and were of a serious nature. According to RN Williams, Mr. Ejem was embarrased, confused and put his head down. RN Williams took this as observable distress to Mr. Ejem. RN Dunn did also use the word "dick" but this appeared to be appropriate since Mr. Ejem looked confused after RN Dunn used the word penis.

  **The allegation of emotional/verbal abuse by RN Diane Dunn to Justin Ejem on 4/13/08 was Confirmed.**

**CONCERNS & RECOMMENDATIONS:**

**ANALYSIS OF EVIDENCE:**

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

Case Name: Ejem, Justin
Case #: 26619648

# APS FACILITY
# ABUSE AND NEGLECT INVESTIGATIVE REPORT

- **RESTATEMENT OF THE ALLEGATION**
  It was alleged that unknown perpetrator(s), identified as Eric Slover, Robbie Wachsman and Anita Henderson, neglected to properly supervise Justin Ejem and Ethan Nash on 4/11/08 between 9-9:30pm resulting in sexual contact between the roomates. The allegation remained consistent.

- **POINTS OF AGREEMENT**
  It was undisputed that Mr. Ejem and Mr. Nash were roomates at the time of the incident on 4/11/08.

- **POINTS OF DISAGREEMENT**
  It is in dispute as to whether or not the alleged sexual contact occured on 4/11/08 or on 4/12/08 since Mr. Ejem changed the date of the alleged sexual contact. It was also in dispute as to whether or not the 15 minute bed checks were completed allowing the sexual contact to take place.

- **POLICY, PROGRAM, OR TRAINING ISSUES RELEVANT TO THE FINDINGS**
  n/a

- **CREDIBILITY**
  Karman Turner provided that Mr. Ejem slept in the timeout room on 4/11/08 but Mr. Ejem and Mr. Nash were in their bedroom just prior to lights out. This information appeared credible.

  Mr. Ejem provided he was not in the timeout room but could not remember any other details about the alleged sexual encounter. Mr. Ejem beleived that the staff only walked the hall twice and then the incident occured. This information did not appear credible since all the other witness statements and documentation place Mr. Ejem in the timeout room all night.

  Mr. Nash provided that the incident did not occur because Mr. Ejem was asleep in the timeout/activity room and only entered the room to get something off the desk. Mr. Nash provided that he and Mr. Ejem have had problems in the past and has lied to get Mr. Nash in trouble. Mr. Nash's information apeared credible.

  Roomate, Mr. Norden, provided he was asleep but the next heard Mr. Ejem and Mr. Nash discuss the alleged sexual contact. Mr. Norden described Mr. Nash as a boss that might take advantage of Mr. Ejem. Mr. Norden also noted that Mr. Ejem was in the timeout room. This information appeared credible.

  Statements by Mr. Slover and Ms. Henderson appeared credible and did corroborate each other. There appeared to be no disputable information between the two statements.

  Mr. Wachsman was unable to be interviewed as Mr. Wachsman had left the employment of WCY.

- **PROBABLE VERSION OF EVENTS**
  Mr. Ejem was getting ready for bed on 4/11/08 and moved his bed into the timeout room for the night for sleeping. Ms. Henderson, Mr. Wachsman and Mr. Slover walked the halls within 15 minute intervals and made sure each patient was in bed.

- **CONCLUSION**
  When the alleged perpetrator is an employee, agent, or contractor, neglect is defined as a negligent act or omission by any individual responsible for providing services to a person served, which caused or may have

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

| Case Name: Ejem, Justin |
|---|
| Case #: 26619648 |

# APS FACILITY
## ABUSE AND NEGLECT INVESTIGATIVE REPORT

caused physical or emotional injury or death to a person served or which placed a person served at risk of physical or emotional injury or death. Neglect includes, but is not limited to, the failure to:

    (1) establish or carry out an appropriate individual program plan or treatment plan for a person served, if such failure results in a specific incident or allegation involving a person served;

    (2) provide adequate nutrition, clothing, or health care to a specific person served in a residential or inpatient program; or

    (3) provide a safe environment for a specific person served, including the failure to maintain adequate numbers of appropriately trained staff, if such failure results in a specific incident or allegation involving a person served.

After reviewing the allegation and the intake it was determined that if bed checks were not completed appropriately by staff members and an incident occured then this would be considered neglect even though both Mr. Nash and Mr. Ejem were allowed to be unsupervised on the home. After reviewing the witness statements and docuemntation it was determined that neither Mr. Nash nor Mr. Ejem were on enhanced superviison and in fact Mr. Ejem had slept in the timeout room and not in the bedroom with Mr. Nash on 4/11/08 and also on 4/12/08. The incident could not have occured as alleged.

**The allegation of neglect by Anita Henderson, Eric Slover and Robbie Wachsman to Justin Ejem and Ethan Nash on 4/11/08 was Unconfirmed.**

**CONCERNS & RECOMMENDATIONS:**
none

**ADMINISTRATIVE/PROCEDURAL NOTE:**
4/28/08, 14th day, but case extension requested until 4/30/08

Quinn, Jennifer
APS Worker IV

4/30/2008