**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

# Plaintiff's Pre-Trial Submissions

Rick Ejem, as next friend for Justin Ejem, the Plaintiff in this case files this following documents in accordance with Rule 16(e) of the Local Rules of the Western District of Texas, and the Court's Scheduling Order in this case:

1. Statement of Plaintiff's Claims

2. Plaintiff's Proposed *Voir Dire* Questions

3. Proposed Stipulations

4. Plaintiff's Exhibit List

5. Plaintiff's Witness List

6. Plaintiff's Motion in Limine

7. Plaintiff's Proposed Charge and Verdict Form

8. Estimated Length of Trial

Respectfully submitted,

**Cirkiel & Associates, P.C.**

  /s/ Martin J. Cirkiel
Mr. Martin J. Cirkiel, Esq.
State Bar No.: 00783829
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com

**The Zimmerman Law Firm**

Mr. Michael Zimmerman
State Bar No. 22271400
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688 [Telephone]
(254) 752-9680 [Facsimile]
mzimmerman@thezimmermanfirm.com


BY: /s/ Greg White
        Greg White
        State Bar No. 21329050

Greg White
P. O. Box 2186
Waco, Texas 76703-2186
(254) 717-5728
FAX (866) 521-5569
greg.white@texapplaw.com

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Appearance of Counsel has been electronically filed with the Clerk of Court using the CM/ECF System on this 13th day of April, 2012 to:

Eric L. Vinson
Drew L. Harris
Office of the Texas Attorney General
PO Box 12548
Capitol Station
Austin, Texas 78711-2548


/s/ Greg White
Greg White

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## Plaintiff's Statement of Claims

The Plaintiff in this case is Justin Ejem.  Justin was, when he was younger, a resident at the Waco Center for Youth.  The Waco Center for Youth is a place where kids that have mental or emotional challenges may live and where they receive treatment and education.  Justin was at the Waco Center for Youth during the times relevant to this case – the early part of 2008.  He was 15 at the time.

Justin claims that in February of 2008, he reported to a doctor that he had been sexually harassed or abused by one of the other kids.  In the evidence, you will likely hear about the effects of that initial harassment, and the response of the Waco Center for Youth to that event.   About two months later, Justin says that he was actually abused by his roommate on at least one occasion, and perhaps as many as three times.  You will hear about those events, and the response of the Waco Center for Youth to those events.

Justin does not claim that the Waco Center for Youth, or its staff participated in the harassment, or abuse, but he does claim that the Waco Center for Youth knew about them, and did nothing to respond adequately, or to prevent further attacks.  The law does place certain obligations on the Waco Center for Youth to respond adequately or to act to stop abuse – obligations that I will tell you about before you make your final decisions in this case.  This is just a  brief outline of the claims made so that you can have some background against which to respond to questions about your jury service.  You will hear the facts of the case from the witness stand, and from documents that the parties will introduce.

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## <u>Plaintiff's Proposed Voir Dire Questions</u>

Plaintiff offers the following proposed questions for the jury panel:

1. Have any of you any experience, positive of negative, with the Waco Center for Youth?  By this, I am asking whether you, your children, or friends or relatives have ever been a resident at the Waco Center for Youth?

2. Have any members of the panel worked at any business or organization that involves children who are emotionally, mentally or physically challenged in any way?

3. Do any of you have training, or education that involves the education or treatment of mental or emotional challenges?

4. The law does place some responsibility on the Waco Center for Youth to respond adequately, and in some instances to stop or prevent harassment and abuse of children.  Do any of you disagree with that law?  In other words, despite my instructions about the law, would you automatically refuse to assess responsibility on the Waco Center for Youth if the harassment or abuse was committed by one of Justin's peers, as opposed to the staff or administration of the Waco Center for Youth?

5. Have any panel members an experience with sexaul harassment or abuse by a peer?  By this, I am not asking you to say aloud whether you have ever been abused or harassed.  I am asking whether persons close to you, like a child, a close friend, or a relative, or someone you know has experienced

harassment or abuse at the hands of a peer.  If any of you have actual been a victim, I would ask that you let me know by informing the Marshal or Clerk so that I can talk privately with you.  You may take whatever steps you feel are necessary to protect your privacy, but please let me know this before we conclude the jury selection.

6.  It is possible that Justin may be reluctant to talk about these events in great detail.  But, there may be other evidence from which you can evaluate the truth in this case.  Is there anyone who believes that if Justin is unable to verbalize the details of what happened to him, that no other evidence would be enough to convince you that his case has merit?

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## Proposed Stipulations

Plaintiff suggests that the following facts are not in dispute, and should be stipulated:

1. Justin Ejem was a student and resident at the Waco Center for Youth in 2007 and 2008 at the request of his parents.

2. Justin Ejem was removed from the Waco Center for Youth in April of 2008 at the request of his parents.

3. In 2008, Waco Center for Youth received $1723.35 in Medicaid reimbursements from the federal government.

4. Waco Center for Youth is a subsidiary of the Texas Department of State Health Services.

5. In 2008, the Texas Department of State Health Services budget included over $1 billion in federal funds.

6. The Texas Health and Safety Code requires Waco Center for Youth to provide education services to its residents.

7. In its contract with Axtell Independent School District in force during the 2007-2008 academic year, Waco Center for Youth agreed to furnish facilities for the education of residents.

8. In its contract with Axtell Independent School District in force during the 2007-2008 academic year, Waco Center for Youth agreed to furnish transportation for the education of residents.

9. In its contract with Axtell Independent School District in force during the 2007-2008 academic year, Waco Center for Youth agreed to provide psychiatric or psychological assessments as identified in students' interdisciplinary treatment plan.

10. In its contract with Axtell Independent School District in force during the 2007-2008 academic year, Waco Center for Youth agreed to provide staff training and adequate mental health worker staffing level to support the special education program.

11. While Justin Ejem was a resident at the Waco Center for Youth, he attended classes on alcohol and depression, media literacy, and substance abuse, for which Justin was given a final exam and a grade.

**In the United States District Court
For the Western District of Texas
Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## **Plaintiff's Exhibit List**

**Exhibits which Plaintiffs intend to offer**

| Exhibit No. | Description |
|---|---|
| P-1 | Physician P. Notes (D-280 – 340) |
| P-2 | Treatment Plan Review (D-486 – 514) |
| P-3 | Social Worker Progress Notes (D-429 – 485) |
| P-4 | Patient Daily Functioning Checklist (D-520 – 1285) |
| P-5 | Nursing Observation Note (D-397 – 428) |
| P-6 | Psychological Evaluation of Justin Ejem |
| P-7 | Clinical Summary on Justin Ejem |
| P-8 | Gonzalez Community Health Center Billing Records |
| P-9 | Dawn O'Donnell Clinical Records |
| P-10 | Gonzalez Community Health Center Medical Records |
| P-11 | DFPS Abuse and Neglect Investigative Report (Depo Exh. 12) |

**Exhibits which Plaintiffs may offer**

| | |
|---|---|
| P-11 | Waco Center for Youth Parent Handbook |
| P-12 | Legislative Budget Estimates |
| P-13 | Managing and Funding State Mental Hospitals in Texas |
| P-14 | Contract between WCY and Axtell ISD |
| P-15 | DFPS Investigation Statement of Tess Willias (Depo Exh. 9) |

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

**Plaintiff's Witness List**

**List of witnesses Plaintiffs expects to call:**

1.    Dr. Lakshmi Ancha, M.D.
      Waco Center for Youth
      3501 N. 19th Street
      Waco, Texas 76708
      (254) 756-2171

      Dr. Ancha will offer testimony regarding the physician note she entered on February 29, 2008 and on the Treatment Plan Review meeting conducted on March 12, 2008 in which Dr. Ancha was a participant.

2.    Rose Dawson
      Waco Center for Youth
      3501 N. 19th Street
      Waco, Texas 76708
      (254) 756-2171

      Ms. Dawson will offer testimony regarding the Treatment Plan Review meeting conducted on March 12, 2008 in which she was a participant and on the nursing observation note she entered on April 14, 2008.

3.      Tess Williams
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Williams will offer testimony regarding the nursing observation note entered on April 13, 2008 and events of that day.

4.      Patrick Powers
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Mr. Powers will offer testimony regarding the Patient Daily Functioning Checklist entries entered on April 13, 2008 and the events of that day.

5.      Justin Ejem
        c/o Martin J. Cirkiel
        1901 Palm Valley Boulevard
        Round Rock, Texas 78664
        (512) 244-6658

        Justin Ejem will offer testimony regarding the events giving rise to this case.

6.      H. David Feltoon, Ph.D
        8025 Chalk Knoll
        Austin, Texas 78735
        (512) 750-7164

        Dr. Feltoon will offer expert testimony regarding Justin's damages.

**List of witnesses Plaintiff may call:**

1.      Harolyn Brooks
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Ms. Brooks may offer testimony regarding the classes she instructed at WCY.

2.      Eddie Greenfield
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Mr. Greenfield may offer testimony regarding the operations of WCY.

3.      Derrel Jeffrey, LMSW
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Mr. Jeffrey may offer testimony regarding the Treatment Plan Review meeting conducted on March 12, 2008 in which he was a participant.

4.      Robert Wachsmann
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Mr. Wachsmann may offer testimony regarding the Treatment Plan Review meeting conducted on March 12, 2008 in which he was a participant

5.      Victoria Garger
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Ms. Garger may offer testimony regarding Justin's Treatment Plan.

7.      Diane Dunn
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Ms. Dunn may offer testimony regarding her discussion with Justin Ejem on April 13, 2008.

8.      Donald Wright
        Waco Center for Youth
        3501 N. 19th Street
        Waco, Texas 76708
        (254) 756-2171

        Mr. Wright will offer testimony regarding the nursing observation note entered on April 14, 2008.

9.      Geneva Miller
        342 CR 3237
        Clifton, Texas 76634
        (254) 675-6552


        Ms. Miller may offer testimony regarding a letter Justin sent her while he was at WCY.

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## Plaintiff's Motion in Limine

TO THE HONORABLE JUDGE OF SAID COURT:

 Plaintiff in the above-referenced case, before any proceedings were had in the presence of the jury and prior to the *voir dire* examination of the jury, files his Motion in Limine, and would respectfully show the Court as follows:

### I.

 1. To order that Defendant, as well as Defendant's attorneys, and all other persons involved in this case on their behalf, be instructed not to mention or bring before the jury, either directly or indirectly, upon *voir dire*, opening statements, interrogation of witnesses, argument, objections before the jury, or any other means or manner inform the jury or bring to the jury's attention any of the matters set forth in the paragraphs below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury,

and a favorable ruling has been received as to the admissibility and relevance of such matters.

     2.    To order that counsel for Defendants be instructed to inform all witnesses called by Defendants not to volunteer, disclose, state or mention to the jury any of the below-enumerated matters, unless specifically questioned thereon after a prior ruling by this Court.

## II.

     The specific actions and/or matters which Plaintiff requests this Court include within the Order in Limine are as follows:

     **1.**    **LIABILITY INSURANCE:**  Mentioning or asking any questions, directly or indirectly, about liability insurance because the issue of whether or not Defendants are protected by liability insurance is immaterial to any issue before the jury and would be prejudicial.

     **2.**    **DEFENDANTS' FINANCIAL CONDITION:**  Mentioning, inquiring or suggesting that the Jury should consider the economic condition of the State or any of its agencies is impacted by a bad economy, or by budget constraints, or that the State is having trouble meeting the demands of its budget.

     **3.**    **CONTINGENCY FEES AND EXPENSES:**  Mentioning or referencing in any way that any recovery by Plaintiffs in this matter will be shared with his attorney, or that he has been required to incur expenses to bring this suit.

     **4.**    **EVIDENCE OF REDUCTION OF COLLATERAL COMPENSATION:**  Mentioning, referencing or introducing any evidence that Plaintiffs collateral compensation has been reduced in any amount by insurance coverage or decisions by health care providers.

     **5.**    **OTHER CASES INVOLVING COUNSEL:**  Mentioning or commenting to the jury about any other case in which counsel for Defendants or counsel for Plaintiffs may have been involved.

6.   **DEFENDANT'S ATTORNEYS:**  Mentioning that Defendant's attorneys represent the "People of Texas" or in any way attempting to identify themselves as representatives of the public interest or otherwise aligned with the interest of the jurors as taxpayers or citizens of Texas

7.   **REFERENCE TO PLAINTIFFS' ATTORNEYS:**   Mentioning or referencing Plaintiffs' lawyers represent some interest which is against society's best interests, or the best interests of Texas or its citizens.

8.   **ABSENT WITNESSES:**  Mentioning or making reference to the failure to call any witness that is equally available to all parties or any witness that is not available to or under the control of plaintiff or tendering, referring to, reading from, offering or exhibiting any *ex parte* statements or reports from any witness who is not then and there present in Court to testify and subject to examination by plaintiff's counsel.

9.   **PROBABLE TESTIMONY:**  Mentioning or stating to the jury the probable testimony of a witness who is absent, unavailable, or not called.  Also, mentioning any failure on the part of plaintiff to call any expert witness employed to express an opinion.

10.   **UNDISCLOSED WITNESSES:**  Mentioning or calling any witness, expert or factual, whose identity, address and/or substance of testimony has not been properly and timely disclosed in response to discovery requests directed to the same or that has been disclosed in accordance with any applicable standing Orders governing this litigation.

11.   **COMMENTS ON CREDIBILITY OF A WITNESS:**  Any inquiry of a witness concerning the credibility of the any other witness. Opinions of witnesses as to the truthfulness or lack of truthfulness of another witness are generally not admissible in evidence. Further, the truthfulness or untruthfulness, veracity or lack of veracity, credibility or lack of credibility, honesty or dishonesty are improper inquiries for witnesses, including experts.

12.   **PRIOR "BAD ACTS":**  Mentioning, referencing or introducing evidence of any prior action and/or omission on the part of plaintiff or his parents.

Plaintiff also requests that should any matters set forth above become material, relevant or admissible, that Defendant should bring such matters to the Court's attention outside the presence of the jury and should receive a favorable ruling thereon before mentioning those items before the jury.  Failure of the Court to grant this motion will allow opposing counsel and their client a free hand to inject inadmissible and prejudicial matters as listed above before the jury, and that even an objection, timely and properly sustained, would not prevent the injury Plaintiff would suffer.

**In the United States District Court
For the Western District of Texas
Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## Plaintiff's Proposed Jury Instructions

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed,

consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence–such as testimony of an

eyewitness.  The other is indirect or circumstantial evidence–the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field–he is called an expert witness–is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.]

[In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.]

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.  A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

[Certain testimony was presented to you through a deposition.   A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers were read to you during the trial.  This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.]

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not

be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not let bias, prejudice or sympathy play any part in your deliberations.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.   After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.[1]

## Plaintiff's Claim Under Title IX

One of the Plaintiff's claims is brought under Title IX.  That statute prohibits sexual harassment that effectively bars the Plaintiff from an educational opportunity or benefit.  In this case, the Plaintiff says that he was receiving educational opportunity and benefits at the Waco Center for Youth, and that he was sexually harassed and abused by his roommate.  The Waco Center for Youth is not, of course, automatically responsible for the acts of the Plaintiff's roommate.  But, it may become responsible for any injury resulting from the roommate's acts if it knew that the harassment and abuse was occurring, and did not respond appropriately or take action to stop the abuse.

Title IX, the statute under which the Plaintiff has brought suit has simple language.  It reads:

---

[1]  Authority:     Fifth Circuit PJI 2.13 and 3.1.

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…

For purposes of your decision, you can assume that the Waco Center for Youth provides educational programs and activities for persons like the Plaintiff and that the Waco Center for Youth receives the required federal financial assistance.  Your decision is to be based on the other parts of the statute, which are in dispute in this case.

In order to prevail on a Title IX claim, the Plaintiff must prove that:

1.      the Defendant acted with deliberate indifference to known acts of harassment in its programs or activities, and
2.      the harassment is so severe, pervasive and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit.

Plaintiff claim that he was sexually harassed by roomate on several occassions.   If you find that these claims are true, then you must make a further decision about the involvement of the Waco Center for Youth.  First, you must find that the acts of harassment or abuse were "known acts" – known to Waco Center for Youth.  The law requires that that liability for a peer sexual assault will lie when an employee at the Waco Center for Youth who, at a minimum, has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs whether he actually reported it or not.

Further, you must find that the Waco Center for Youth failed to adequately respond.  Prompt remedial action is conduct by the Defendant that is reasonably calculated to stop the harassment and remedy the situation. Whether Defendant's actions were prompt and remedial depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.

If you find that the Waco Center for Youth knew about the harassment and failed to adequately respond, then you must decide whether the harassment was so severe, pervasive and offensive that it barred the Plaintiff's access to educational opportunities or benefits.  For a defendant to be liable for sexual harassment, the conduct must be sufficiently severe or pervasive to create a hostile or abusive environment. To determine whether the conduct in this case rises to a level that

creates a hostile environment,  you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's educational opportunities and benefits. There is no requirement that the conduct be psychologically injurious.

In determining whether a hostile environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

If you find that the Waco Center for Youth acted in violation of Title IX, then you must determine the amount of damages the Plaintiff has suffered.

## Plaintiff's Discrimination Claim under §504

The Plaintiff also claims that he suffered discrimination based on his disability.  Federal law provides a claim for disability discrimination under Section 504 of the Rehabilitation Act of 1973.  That statute provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .

In order to prevail on this claim, the plaintiff must prove:

(1) he is disabled;
(2) he is "otherwise qualified" to attend school;
(3) the Waco Center for Youth receives "federal financial assistance;" and
(4) she was denied the benefits of the school program or was subject to discrimination by the school.

In this case, you may assume that the Plaintiff is "disabled" within the meaning of the statute, and is "otherwise qualified" to be at the Waco Center for Youth.  You may also assume that the Waco Center for Youth receives the kind of federal financial assistance that the statute requires.

Therefore, you must decide whether the acts of the Waco Center for Youth – not the acts of any person that may have harassed or assaulted the Plaintiff – are acts that deny the Plaintiff the benefits of the program or were acts of actual discrimination by the Waco Center for Youth that treated the Plaintiff differently than others similarly situated.

If you find that the Waco Center for Youth discriminated against the plaintiff because of his disability, then you must determine the amount of damages the plaintiff has suffered.

## ASSESSMENT OF DAMAGES

If the Plaintiff has proven its claim against Waco Center for Youth by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled.  You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case.  It is your task first to decide whether the Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant Waco Center for Youth is liable and that the Plaintiff is entitled to recover money from the Defendant.[2]

If you find that Defendant Waco Center for Youth is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make Plaintiff whole–that is, to compensate Plaintiff for the damage that Plaintiff has suffered.  Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with

---

[2]  Authority:    Fifth Circuit PJI 15.1.

mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[3]

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1.    Counseling, training and other mental health services
2.    Emotional Anguish
3.    Actual medical expenses incurred in the past.

---

[3]  Authority:    Fifth Circuit PJI 15.2.

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| *Defendant* | § | |

---

**VERDICT FORM**

---

**In the United States District Court
For the Western District of Texas
Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

---

## SPECIAL INTERROGATORIES

---

**ANSWER EACH SPECIAL INTERROGATORY BY A PREPONDERANCE
OF THE EVIDENCE UNLESS OTHERWISE INSTRUCTED**

<u>**Question No. 1**</u>

Did the Defendant act with deliberate indifference to known acts of harassment in its programs or activities?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 1, then answer the following Question:

**Question No. 2**

Was the harassment is so severe, pervasive and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 2, then answer the following Question:

**Question No. 3**

Did Defendant fail to respond appropriately?

Answer "Yes" or "No."

_____

**Question No. 4**

Did Defendant discriminate against the Plaintiff because of his disability?

Answer "Yes" or "No."

_____

**Question No. 5**

What amount of damage would fairly compensate the Plaintiff for the injury he has suffered in the past, and will suffer in the future?

Answer in dollars and cents.

_____

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | Civil Action No. |
| | § | |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

---

## VERDICT FORM

---

We, the jury, have unanimously agreed to the answers to the attached Special Interrogatories and return such answers in open court, and under the instructions of the Court as our verdict in this cause.

_____         _____
DATE                                              PRESIDING JUROR

**In the United States District Court**
**For the Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| **Rick Ejem, a/n/f for** | § | |
| **Justin Ejem** | § | |
| *Plaintiffs* | § | |
| | § | Civil Action No. |
| **v.** | § | **6:10-CV-268-WSS** |
| | § | |
| **Waco Center for Youth** | § | |
| | § | |
| *Defendant* | § | |

## Plaintiff's Estimate of Trial Length

Plaintiff estimates that the case can be tried in three (3) days.